UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                    Date:  November 3, 2020

Title   Jorge Luis Valdez, Jr. v. J. Pickett, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

On October 1, 2020, Petitioner Jorge Luis Valdez ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a habeas petition under 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1).  Petitioner contends that his 2000 conviction for lewd

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  The proof of service reflects that the Petition was delivered to prison authorities for mailing on October 1, 2020, which the Court accepts as the Petition's constructive filing date.  (Petition at 8).  The Court will apply the mailbox rule to all of Petitioner's filings in state and federal court referred to in this Order.  Citations to the Petition will follow the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                           Date:  November 3, 2020

Title   Jorge Luis Valdez, Jr. v. J. Pickett, Warden

acts with a minor should be removed from his CDCR and SOMS[2] file because his life is in danger as a result of inmates assaulting him three different times during his imprisonment due to this record being on file.  (*Id.* at 5–7, 13–21).  However, even to the extent that *some* of the claims state a cognizable habeas claim, it appears that the Court lacks jurisdiction over the Petition because the conviction Petitioner is challenging is not the conviction for which he is currently incarcerated.  Furthermore, the Court appears to lack habeas jurisdiction over Petitioner's failure to protect claims because they challenge the conditions of his confinement, not the validity or duration of his custody.

### Background Facts

On September 29, 2000, Petitioner pled *nolo contendere* to one count of lewd and lascivious act against a minor.  (Petition at 2).  He was sentenced to three years in prison.  (*Id.*).  While serving time in prison, Petitioner was assaulted by his cellmate in April 2000, apparently because of his "R" suffix.  (*Id.* at 17, 61–69).  *See* Cal. Code Regs. tit. 15 § 3377.1(b) ("An 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code Section 290.").  He received a large laceration on his back because he was attacked with a razor blade.  (Petition at 64–65).

While imprisoned for a different offense starting June 2009, Petitioner was assaulted by an inmate in January 2010, and received a laceration on the right side of his neck as a result.  (*Id.* at 70–73).  He was released on parole in 2013.  (*Id.* at 18).

On April 10, 2014, Petitioner pled guilty to attempted murder, car jacking, possession of a fire arm, vehicle theft, and gun enhancements.  (*Id.* at 14).  Petitioner was

---

[2] "SOMS" stands for Strategic Offender Management System.  *See* https://www.cdcr.ca.gov/news/2009/04/22/cdcr-strategic-offender-management-system-project-will-automate-and-streamline-information-sharing/.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                              Date:  November 3, 2020

Title          Jorge Luis Valdez, Jr. v. J. Pickett, Warden

sentenced to 49 years and 8 months in state prison.  (*Id.*).  During imprisonment, Petitioner was assaulted by three inmates in May 2018 and his ribs on both sides of his body were fractured.  (*Id.* at 74–76).

On July 4, 2018, Petitioner filed a habeas petition in the Riverside County Superior Court of California challenging his 2000 sexual offense conviction (case number RIC1814431), which was denied on July 18, 2018.  (*Id.* at 28–36).  The court held that Petitioner is no longer in custody pursuant to his 2000 lewd act conviction as California Penal Code § 290 registration alone is not enough to constitute constructive custody for habeas purposes and therefore, relief is unavailable.  (*Id.* at 30).

On August 13, 2018, Petitioner filed a second habeas petition in the Riverside County Superior Court of California (case number INFO034516) to appeal the denial of his prior superior court petition, which the court denied.  (*Id.* at 41–45).  On August 15, 2018, Petitioner filed a habeas petition in the California Court of Appeal, which was denied without comment or citation to authority.  (*Id.* at 39).  (*See* California Appellate Courts Case Information website, https://appellatecases.courtinfo.ca.gov, Case No. E071104).  Petitioner filed a habeas petition in the California Supreme Court on August 29, 2019.  (Petition at 13–21).  The California Supreme Court denied the petition without comment or citation to authority on May 27, 2020.  (*Id.* at 12).

On September 11, 2020, Petitioner filed a third habeas petition in the Imperial County Superior Court of California, claiming that correctional officers falsified documentation and rules violation reports, which remained pending as of the date Petitioner filed this action on October 1, 2020.  (*Id.* at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                           Date:  November 3, 2020

Title      Jorge Luis Valdez, Jr. v. J. Pickett, Warden

### The Court Lacks Jurisdiction Over Petitioner's Claims Challenging The Validity of His 2000 Lewd Acts Conviction Because Petitioner Is Not Presently "In Custody" Pursuant to That Conviction

Petitioner contends that his sexual offense conviction from 2000 should be removed from his criminal files so that he would no longer be targeted by inmates due to his "R" suffix.  (Petition at 6–7, 17–19).  He claims that correctional officers unscrupulously shared this confidential information with other inmates, exposing him to multiple assaults over the years.  The grounds for the Petition are as follows: (1) the guilty plea in Petitioner's 2000 lewd acts conviction was not intelligent; (2) the 2000 conviction resulted from ineffective assistance of trial counsel; (3) Petitioner did not receive the bargain of his plea agreement in the 2000 lewd acts conviction; (4) the government failed to protect Petitioner from the battery assault that took place in April 2020; and (5) the government failed to protect Petitioner from the battery assault that took place in January 2010.  (*Id.* at 5–6).

The federal writ of habeas corpus is only available to persons "in custody" for the conviction or sentence under attack at the time the petition is filed.  *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  The custody requirement does not require that a prisoner be physically confined, *Maleng*, 490 U.S. at 491, but it does require a "severe restraint" on the petitioner's liberty.  *Bailey*, 599 F.3d at 980.

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir. 1990).  Where a petitioner completes his sentence before the habeas petition is filed, the issue becomes one of whether the conviction and sentence has merely collateral consequences—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                          Date:  November 3, 2020

Title   Jorge Luis Valdez, Jr. v. J. Pickett, Warden

themselves insufficient to establish the "in custody" requirement—or whether the conviction and sentence impose a "restraint on liberty." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).

Here, Petitioner seeks removal of the "R" suffix from his criminal files that designates him as a sexual offender due to his lewd acts conviction in 2000. However, it is undisputed that he had completed his three-year sentence no later than October 2003, well before the instant petition was filed on October 1, 2020. In the present case, it does not appear that Petitioner can meet the "in custody" requirement because the federal writ of habeas corpus is only available to persons "in custody" for the conviction or sentence under attack at the time the petition is filed. *Maleng*, 490 U.S. at 490–91. Moreover, because Petitioner is no longer serving the sentence imposed for his 2000 conviction, "the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. Because the "in custody" requirement is jurisdictional for the purposes of habeas corpus, this issue is raised *sua sponte*. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013) ("Courts are obligated to consider *sua sponte* requirements that go to subject-matter jurisdiction.")).

Due to the fact that Petitioner completed his three-year sentence for a sexual offense conviction more than 17 years ago, he does not appear to meet the "in custody" requirement of 28 U.S.C. § 2254. *See Maleng*, 490 U.S. at 492 (The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). Therefore, the Petition does not appear to confer habeas jurisdiction upon this Court.

Moreover, although the instant petition challenges Petitioner's "R" classification, an inmate has no constitutional right to a particular prison or security classification. *Moody v. Daggett*, 429 U.S 78, 88 n.9 (1976); *Hernandez v. Johnson*, 833 F.2d 1316, 1318 (9th Cir. 1987). Similarly, "because the mere act of classification 'does not amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | EDCV 20-2077 SVW (PVC) | Date: November 3, 2020 |
| Title | Jorge Luis Valdez, Jr. v. J. Pickett, Warden | |

to an infliction of pain,' it 'is not condemned by the Eighth Amendment.'" *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007), cert. denied., 552 U.S. 959 (2007); *Hoptowit v. Ray*, 682 F.2d 1237, 1256 (9th Cir. 1982). "There is no showing that the state's classification of [petitioner] will invariably affect the duration of his sentence." *Myron*, 476 F.3d at 718 (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), amended by, 135 F.3d 1318 (9th Cir. 1998)). Thus, it does not appear that Petitioner's challenge to his classification is properly brought in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Furthermore, to the extent petitioner is asserting that the California Department of Corrections and Rehabilitation ("CDCR") violated or erred in its application of Cal. Code Regs, tit. 15, § 3377.1, federal habeas corpus relief "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process"). Habeas corpus relief does not seem warranted here.

The remainder of Petitioner's claims alleging that the government failed to protect him against inmate assault also do not appear to challenge the validity of any of his convictions, but rather seem to be civil rights claims. In *Nettles v. Grounds*, 830 F.3d 922 (2016), the Ninth Circuit held that a state prisoner's claim that does not lie at "the core of habeas corpus" may not be brought in habeas corpus but must be brought under § 1983. *Id.* at 931, 934 (citation omitted). A habeas corpus action is the proper mechanism for a prisoner to challenge the legality or duration of his confinement. *See Preiser*, 411 U.S. at 484. Conversely, a challenge to conditions of confinement by state prisoners is generally brought pursuant to § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance."); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-2077 SVW (PVC)                                    Date:  November 3, 2020

Title        Jorge Luis Valdez, Jr. v. J. Pickett, Warden

Despite Petitioner's framing of his pleading as a petition for writ of habeas corpus, Petitioner's failure to protect claims concern the conditions of his confinement. Therefore, the claims fall outside the "core" of habeas corpus and into the world of civil rights.  Consequently, it appears that the Court lacks habeas jurisdiction over the failure to protect claims.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed because the Court lacks jurisdiction, either because Petitioner is challenging a conviction for which he is not presently in custody, or because Petitioner is not challenging the validity or duration of his custody.  After the Court receives a response to the OSC, the Court will prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |